1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5

6  Attorneys for Plaintiff

7

8

9                  UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  BARBARA HUBBARD,                    )  Case No. 08cv0563 DMS (POR)
                                        )
14        Plaintiff,                    )
                                        )  **Plaintiff's First Amended**
15        vs.                           )  **Complaint**
                                        )
16  CENTRAL PURCHASING, LLC             )
17  dba HARBOR FREIGHT TOOLS;           )
    PLAN NINE PARTNERS, LLC,            )
18                                      )
          Defendants.                   )
19                                      )

20

21

22

23

24

25

26

27

28

# I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Harbor Freight Tools
680 "L" Street, Suite A
Chula Vista, CA 91911
(hereafter "the Store")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Central Purchasing, LLC dba Harbor Freight Tools and Plan Nine Partners, LLC (hereinafter collectively referred to as "Harbor Freight Tools") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.    Harbor Freight Tools owns, operates, and/or leases the Store, and consists of a person (or persons), firm, or corporation.

8.      Hubbard has multiple conditions that affect one or more major life functions.  She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public.  Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.       The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.      Hubbard visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by Hubbard, the barriers at the Harbor Freight Tools included, but are not limited to, the following:

- There is no van accessible parking space in front of the Store;
- There is a van accessible parking space in front of Suite D, however, a protruding built up curb ramp that causes the slope and cross slope of the stall and/or adjacent access aisle to exceed 2.0%;
- The slope and cross slope of the access aisle exceed 2.0% due to the protruding built up curb ramp;
- There is no International Symbol of Accessibility mounted at the entrance to indicate that the Store is accessible to the disabled;
- There is a checkstand designated as accessible, however it is closed and is no different than any of the other checkstands;
- The pay point machine is mounted too high and at too great of an angle;
- The route to the restrooms is obstructed by boxes, causing it to be less than 36 inches wide;
- The disposable seat cover dispenser is mounted at more than 40 inches from the floor;

- The operable part of the trash and/or waste receptacle in the women's stall is mounted at more than 40 inches from the floor;
- The pipes underneath the lavatory are improperly and incompletely wrapped to protect from burns; and,
- The women's restroom door lacks the required strike side clearance.

These barriers prevented Hubbard from enjoying full and equal access.

11.     Hubbard was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.     Hubbard also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13.     Harbor Freight Tools knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Harbor Freight Tools has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Harbor Freight Tools refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Harbor Freight Tools has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Harbor Freight Tools has not removed such impediments and has not the Store to conform to accessibility standards.   Harbor Freight Tools has intentionally

1  maintained the Store in its current condition and has intentionally refrained from

2  altering the Store so that it complies with the accessibility standards.

3       15.    Hubbard further alleges that the (continued) presence of barriers at

4  the Store is so obvious as to establish Harbor Freight Tools' discriminatory

5  intent.[1]    On information and belief, Hubbard avers that evidence of this

6  discriminatory intent includes Harbor Freight Tools' refusal to adhere to relevant

7  building standards; disregard for the building plans and permits issued for the

8  Store; conscientious decision to the architectural layout (as it currently exists) at

9  the Store; decision not to remove barriers from the Store; and allowance that the

10 Store continues to exist in its non-compliant state.  Hubbard further alleges, on

11 information and belief, that Harbor Freight Tools is not in the midst of a remodel,

12 and that the barriers present at the Store are not isolated (or temporary)

13 interruptions in access due to maintenance or repairs.[2]

14                          VI. FIRST CLAIM

15              **Americans with Disabilities Act of 1990**

16            Denial of "Full and Equal" Enjoyment and Use

17      16.    Hubbard incorporates the allegations contained in paragraphs 1

18 through 15 for this claim.

19      17.    Title III of the ADA holds as a "general rule" that no individual shall

20 be discriminated against on the basis of disability in the full and equal enjoyment

21 (or use) of goods, services, facilities, privileges, and accommodations offered by

22 any person who owns, operates, or leases a place of public accommodation. 42

23 U.S.C. § 12182(a).

24      18.    Harbor Freight Tools discriminated against Hubbard by denying

25 "full and equal enjoyment" and use of the goods, services, facilities, privileges or

26 accommodations of the Store during each visit and each incident of deterrence.

27

28
---
[1]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]  Id.; 28 C.F.R. § 36.211(b)

*Hubbard v. Central Purchasing, LLC, et al.*                    08cv0563 DMS (POR)
Plaintiff's First Amended Complaint

Page 5

1    <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2    19.    The ADA specifically prohibits failing to remove architectural

3    barriers, which are structural in nature, in existing facilities where such removal

4    is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily

5    achievable" is defined as "easily accomplishable and able to be carried out

6    without much difficulty or expense." <u>Id.</u> § 12181(9).

7    20.    When an entity can demonstrate that removal of a barrier is not

8    readily achievable, a failure to make goods, services, facilities, or

9    accommodations available through alternative methods is also specifically

10   prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

11   21.    Here, Hubbard alleges that Harbor Freight Tools can easily remove

12   the architectural barriers at the Store without much difficulty or expense, and that

13   Harbor Freight Tools violated the ADA by failing to remove those barriers, when

14   it was readily achievable to do so.

15   22.    In the alternative, if it was not "readily achievable" for Harbor

16   Freight Tools to remove the Store's barriers, then Harbor Freight Tools violated

17   the ADA by failing to make the required services available through alternative

18   methods, which are readily achievable.

19   <u>Failure to Design and Construct an Accessible Facility</u>

20   23.    On information and belief, the Store was designed or constructed (or

21   both) after January 26, 1992—independently triggering access requirements

22   under Title III of the ADA.

23   24.    The ADA also prohibits designing and constructing facilities for first

24   occupancy after January 26, 1993, that aren't readily accessible to, and usable by,

25   individuals with disabilities when it was structurally practicable to do so. 42

26   U.S.C. § 12183(a)(1).

27   25.    Here, Harbor Freight Tools violated the ADA by designing or

28   constructing (or both) the Store in a manner that was not readily accessible to the

1  physically    disabled    public—including    Hubbard—when    it    was    structurally
2  practical to do so.[3]

3                    Failure to Make an Altered Facility Accessible

4        26.    On information and belief, the Store was modified after January 26,
5  1992, independently triggering access requirements under the ADA.

6        27.    The ADA also requires that facilities altered in a manner that affects
7  (or could affect) its usability must be made readily accessible to individuals with
8  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an
9  area that contains a facility's primary function also requires adding making the
10  paths of travel, bathrooms, telephones, and drinking fountains serving that area
11  accessible to the maximum extent feasible. Id.

12        28.    Here, Harbor Freight Tools altered the Store in a manner that
13  violated the ADA and was not readily accessible to the physically disabled
14  public—including Hubbard—to the maximum extent feasible.

15                  Failure to Modify Existing Policies and Procedures

16        29.    The ADA also requires reasonable modifications in policies,
17  practices, or procedures, when necessary to afford such goods, services, facilities,
18  or accommodations to individuals with disabilities, unless the entity can
19  demonstrate that making such modifications would fundamentally alter their
20  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

21        30.    Here, Harbor Freight Tools violated the ADA by failing to make
22  reasonable modifications in policies, practices, or procedures at the Store, when
23  these modifications were necessary to afford (and would not fundamentally alter
24  the nature of) these goods, services, facilities, or accommodations.

25

26

27

28  [3]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
         private attorney general under either state or federal statutes.

*Hubbard v. Central Purchasing, LLC, et al.*                          08cv0563 DMS (POR)
Plaintiff's First Amended Complaint

31.    Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Hubbard also seeks a finding from this Court (*i.e.,* declaratory relief) that Harbor Freight Tools violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

33.    Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.    Here, Harbor Freight Tools discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Store.  Harbor Freight Tools also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38.    For each offense of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one

thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.    She also seeks to enjoin Harbor Freight Tools from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.    Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    Harbor Freight Tools' aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

1    46.    Hubbard was damaged by Harbor Freight Tools' wrongful conduct,
2    and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each</u>
3    <u>offense</u>.

4    47.    Hubbard also seeks to enjoin Harbor Freight Tools from violating
5    the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs
6    incurred under California Civil Code § 52(a).

7                              IX. FOURTH CLAIM

8            **Denial of Full and Equal Access to Public Facilities**

9    48.    Hubbard incorporates the allegations contained in paragraphs 1
10   through 13 for this claim.

11   49.    Health and Safety Code § 19955(a) states, in part, that: California
12   public accommodations or facilities (built with private funds) shall adhere to the
13   provisions of Government Code § 4450.

14   50.    Health and Safety Code § 19959 states, in part, that: Every existing
15   (non-exempt) public accommodation constructed prior to July 1, 1970, which is
16   altered or structurally repaired, is required to comply with this chapter.

17   51.    Hubbard alleges the Store is a public accommodation constructed,
18   altered, or repaired in a manner that violates Part 5.5 of the Health and Safety
19   Code or Government Code § 4450 (or both), and that the Store was not exempt
20   under Health and Safety Code § 19956.

21   52.    Harbor Freight Tools' non-compliance with these requirements at the
22   Store aggrieved (or potentially aggrieved) Hubbard and other persons with
23   physical disabilities.    Accordingly, she seeks injunctive relief and attorney fees
24   pursuant to Health and Safety Code § 19953.

25                              X. PRAYER FOR RELIEF
26   WHEREFORE, Hubbard prays judgment against Harbor Freight Tools for:
27   1.    Injunctive relief, preventive relief, or any other relief the Court deems
28   proper.

*Hubbard v. Central Purchasing, LLC, et al.*                    08cv0563 DMS (POR)
Plaintiff's First Amended Complaint

2.      Declaratory relief that Harbor Freight Tools violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[4]

5.      Interest at the legal rate from the date of the filing of this action.


DATED: April 16, 2008            DISABLED ADVOCACY GROUP, APLC


                                 */s/ Lynn Hubbard, III, Esquire*
                                 LYNN HUBBARD, III
                                 Attorney for Plaintiff Barbara Hubbard

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hubbard v. Central Purchasing, LLC, et al.*                              08cv0563 DMS (POR)
Plaintiff's First Amended Complaint