1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), Morlick@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), Mkenefick@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:     (415) 398-8080
4  Facsimile:      (415) 398-5584

5  Attorneys for Defendant CENTRAL PURCHASING, LLC dba
   HARBOR FREIGHT TOOLS

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11 BARBARA HUBBARD,                       CASE NO.     08CV0563DMS POR

12           Plaintiff,                   **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF MOTION
13       v.                               FOR THE COURT TO DECLINE
                                          SUPPLEMENTAL JURISDICTION OVER
14 CENTRAL PURCHASING, LLC dba            AND TO DISMISS PLAINTIFF'S STATE LAW
   HARBOR FREIGHT TOOLS, et al.,          CLAIMS [28 U.S.C. § 1367(c)]**
15
             Defendants.                  **Accompanying Papers**:  Notice and Motion;
16                                        Request for Judicial Notice; and (Proposed) Order

17                                        Date:              July 11, 2008
                                          Time:              1:30 p.m.
18                                        Dept:              Courtroom 10
                                          Judge:             Hon. Dana M. Sabraw
19
                                          Complaint filed:           April 2, 2008
20                                        1st Am. Compl. filed:      April 16, 2008

21

22

23          Defendant Central Purchasing, LLC dba Harbor Freight Tools ("**Harbor  Freight**"),

24 hereby submits the following Memorandum of Points and Authorities in Support of Motion for the

25 Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims (the

26 "**Motion**"):

27 I.      **INTRODUCTION**

28          This case involves claims for relief based on alleged violations of the Americans

1   with Disabilities Act of 1990 (the "**ADA**") and those arising under three (3) separate California state

2   disability law schemes: the California Disabled Persons Act, the California Unruh Civil Rights Act,

3   and the California Health and Safety Code.

4          Plaintiff, Barbara Hubbard ("**Hubbard**"), seeks statutory damages under California

5   state disability law.  California and federal courts, however, have irreconcilable differences in the

6   interpretation of what circumstances entitle a plaintiff to statutory damages under California law.

7   California courts require a plaintiff to establish evidence of intentional discrimination to recover

8   statutory damages under the Unruh Act - federal courts do not.  Because of this conflicting

9   interpretation of California law, as a matter of comity and to promote justice, this Court should

10  decline to extend supplemental jurisdiction over Hubbard's state law claims.

11  **II.    BACKGROUND**

12         **A.    The Parties**

13         **Plaintiff**. Hubbard is an allegedly disabled individual, with said disability impairing

14  her ability to walk, requiring her to use a motorized wheelchair for mobility.  See FAC ¶ 8, page 3

15  lines 1-5.

16         **Defendant**.  Defendant Harbor Freight is a California limited liability company in

17  good standing and duly qualified to do business, as required, in the state of California.

18         **B.    The Subject Property**

19         The public accommodation which is the subject of this lawsuit is the Harbor Freight

20  Tools brand store located at 680 "L" Street, Suite A, Chula Vista, California (the "**Store**").  See

21  FAC ¶ 1, page 2 lines 2 through 8.

22         **C.    The Action**

23         On April 2, 2008, Hubbard filed her Complaint for this Action, naming Harbor

24  Freight as a Defendant.  See Complaint.  On April 16, 2008, Hubbard filed her First Amended

25  Complaint for this Action (the "**FAC**").  See FAC.  The FAC alleges Hubbard visited the Store on

26  an unspecified date and was discriminated against on the basis of her disability as the result of

27  disabled access barriers which existed at the Store.  See FAC ¶ 10, page 3, line 7 through page 4,

28  line 5.

PRINTED ON

RECYCLED PAPER

735203v1

08CV0563DMS POR
MEMO OF POINTS AND AUTHORITIES

Jeffer Mangels
Butler & Marmaro LLP

JMBM

**Claims Under The ADA**.  Hubbard alleges the discrimination she allegedly suffered gives rise to claims under the ADA for denial of full and equal access as required by 42 U.S.C. § 12182(a).  See FAC ¶¶ 16-18, page 5, lines 14-26.  Hubbard further alleges this discrimination gives rise to claims for failure to perform readily achievable access barrier removal in violation of 42 U.S.C. § 12183(a).  See FAC ¶¶ 19-22, page 6, lines 1–18.   Hubbard alleges this gives rise to claims for failure to design and construct an accessible newly constructed facility in violation of 42 U.S.C. § 12183(a)(1).  See FAC ¶¶ 23-25, page 6, line 19 through page 7 line 2.  Hubbard alleges this gives rise to claims for failure to make an altered facility accessible in violation of 42 U.S.C. § 12183(a)(2).  See FAC ¶¶ 26-28, page 7, lines 3-14.  Hubbard further alleges Harbor Freight failed to modify its practices, policies, and procedures to accommodate disabled guests in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).  See FAC ¶¶ 29-32, page 7, line 15 through page 8 line 6.

**Claims Under California State Law**.  Hubbard also alleges claims for relief under California disability laws.

Disabled Persons Act.  Hubbard alleges Harbor Freight denied her full and equal access to the Store in violation of the California Disabled Persons Act (California Civil Code §§ 54 et seq.).  See FAC ¶¶ 33-39, page 8, line 7 through page 9, line 6.

Unruh Act.  Hubbard alleges Harbor Freight discriminated against her in violation of the California Unruh Act (California Civil Code §§ 51 et seq.).  See FAC ¶¶ 40-47, page 9, line 7 through page 10, line 6.

Health and Safety Code.  Hubbard further alleges Harbor Freight denied her full and equal access to the Store in violation of California Health and Safety Code § 19955(a).  See FAC ¶¶ 48-52, page 10, lines 7-24.

**Damages**.  Hubbard seeks injunctive relief under the ADA, declaratory relief that Harbor Freight violated the ADA, statutory damages under California state law, and her attorneys' fees and litigation costs.  See FAC, page 10, line 25 through page 11, line 6.

///

///

///

**III.    LEGAL ARGUMENT**

      **A.    Because Of Conflicting Statutory Interpretations, This Court Should Decline To Extend Supplemental Jurisdiction To Hubbard's State Law Claims And Dismiss The Same – 28 U.S.C. § 1367(c)**

Under 28 U.S.C. § 1367(c), the Court may decline supplemental jurisdiction on four (4) separate grounds:

     1)    The claim raised a novel or complex issue of state law;

     2)    The claim substantially predominates over the claim or claims which the district court has original jurisdiction;

     3)    The district court has dismissed all claims over which it has original jurisdiction; or

     4)    In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because of recent dissension between the state and federal courts on the interpretation of California disability access statutes, this Court should decline supplemental jurisdiction over and dismiss Plaintiffs' state law claims.  In Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006), the California Court of Appeal rejected the Ninth Circuit's holding in Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004).  In doing so, the California Court of Appeal held intentional discrimination was required to obtain statutory damages under California Civil Code section 52(a) under the California Unruh Civil Rights Act.  Id. at 228-229.  This decision was affirmed by the California Supreme Court on January 17, 2007, when it denied review and a request to de-publish the opinion.  See Request for Judicial Notice,[1] Exh. A.

Federal courts must apply state substantive law.  Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 416 (1996).  In circumstances involving conflicting interpretations of state law, as a matter of comity and to promote justice between the parties, federal courts should decline supplemental jurisdiction.  See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  This District has relied on this principle to decline supplemental jurisdiction over state law

---

[1] The accompanying Request for Judicial Notice in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiffs' State Law Claims [28 U.S.C. § 1367(c)] ("**Request for Judicial Notice**").

JMBM

Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

735203v1

08CV0563DMS POR
MEMO OF POINTS AND AUTHORITIES

1    claims in disabled access cases.  See OAM v. Singletary, 406 F.Supp.2d 1120, 1130-1132 (2005

2    S.D. Cal.); See also Cross v. Pacific Coast Plaza Invest., No. 06CV2543 JM(RBB) (SD Cal. Mar. 6,

3    2007).[2]

4            The facts of Cross v. Pacific Coast Plaza Invest., an action brought by the same

5    plaintiff's counsel, are squarely on point with this Action.  In Cross v. Pacific Coast Plaza Invest.,

6    the plaintiff, Diane Cross, sued a shopping center and the stores located therein based on disabled

7    access barriers she allegedly encountered.  Id. at 1-2.  This Court analyzed the federal and state

8    courts' interpretations of California disabled access statutes and concluded "this court is faced with

9    irreconcilable authorities based on the current status of the law."  Id. at 7.  It found that Lentini v.

10   California Center for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004), on the one hand, held

11   that a Plaintiff can recover statutory damages for an unintentional violation of the California Unruh

12   Civil Rights Act; whereas, Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006), on the other hand,

13   held Lentini was wrongly decided and a finding of intentional discrimination is required for an

14   award of statutory damages.  Id.  Based on the "tension" between these two (2) decisions, in each

15   case, this Court dismissed the plaintiff's Unruh Act claims, as well as all of her other state law

16   claims on the basis that they were inextricably intertwined.  Id. at 9.

17           The "tension" between Gunther and Lentini was further compounded by the March

18   22, 2007 decision of the United States District Court for the Eastern District of California in Wilson

19   v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007).[3]  In Wilson, the Court rejected

20   Gunther, finding Lentini to be more persuasive, and awarded the plaintiff statutory damages in the

21   absence of intentional discrimination.  Id. at 7-8.  The resulting effect of Wilson, compelling federal

22   courts to decline supplemental jurisdiction over state law disability claims, was recognized by this

23   Court in Cross v. Boston Market Corp., 07CV486J(LSP) (May 29, 2007).[4]

24           With the state and federal courts' polar-opposite interpretations of the California

25           [2] See Request for Judicial Notice, Exh. B.

26           [3] See Request for Judicial Notice, Exh. C.

27           [4] See Request for Judicial Notice, Exh. D.

28

1    Unruh Civil Rights Act, in deciding such issues this Court subjects the parties to potentially re-

2    litigating the matters if the Court wrongly predicts how the law will settle.  The Eastern District of

3    California in Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007) predicted the

4    California Supreme Court will ultimately reverse or distinguish Gunther v. Lin, 144 Cal.App.4th

5    223 (4th Dist. 2006).  A federal court, however, must apply state law, and such application is

6    reviewed de novo by the Court of Appeals.  See Gasperini v. Center for Humanities, Inc., 518 U.S.

7    415, 416 (1996); Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).  Thus, if this Court

8    wrongly predicts how the law will settle, the parties may be forced to re-litigate the issues.  There is

9    no need for this Court or the parties to unnecessarily expend such resources.  This reasoning was

10   recognized by the United States Supreme Court in United Mine Workers of America v. Gibbs, 383

11   U.S. 715, 726 (1966).

12           On April 14, 2008, in the appeal of Munson v. Del Taco the Ninth Circuit Court of

13   Appeals certified to the California Supreme Court the interpretation of the damage provisions of

14   California disabled access law.  See Request for Judicial Notice Exh. E at p.3857.  In doing so, the

15   Ninth Circuit stayed the Munson appeal pending acceptance or rejection of the issue by the

16   California Supreme Court.  See Id. at p.3864.   The impending ruling by the California Supreme

17   Court on the damage provisions of California disabled access law will materially affect the potential

18   outcome of this Action, thereby even further justifying this Court's denial of supplemental

19   jurisdiction over Plaintiff's state law claims.

20           Thus, there are irreconcilable interpretations of California state disability access law

21   between the federal and state courts.  A California Court of Appeal, as upheld by the California

22   Supreme Court, rejected the Ninth Circuit's interpretation of the statutory damage provisions of the

23   Unruh Act in Lentini; the Ninth Circuit and the United States District Court for the Eastern District

24   of California have held otherwise.  In order to promote comity and justice, this Court should dismiss

25   **all** of Hubbard's state law disability access claims which are inextricably intertwined with one

26   another.

27   **IV.    CONCLUSION**

28           This Court should, as it has previously done with similar cases, decline to extend

PRINTED ON
RECYCLED PAPER

735203v1

08CV0563DMS POR
MEMO OF POINTS AND AUTHORITIES

1  supplemental jurisdiction over Hubbard's California state law disability claims.  California and

2  federal courts simply do not agree on the interpretation of the statutory damage provisions of the

3  Unruh Act.  The result is, as reasoned by the United States Supreme Court, that to prevent

4  inconsistent results and forum shopping, and to promote comity and justice, this Court should

5  decline supplemental jurisdiction over these claims.  As such, this Court should grant Harbor

6  Freight's Motion.

7

8  DATED:  June 2, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                          MARTIN H. ORLICK
9                                          MATTHEW S. KENEFICK

10

11                                         By: /s/ Martin H. Orlick
                                              MARTIN H. ORLICK
12                                         Attorneys for Defendant CENTRAL PURCHASING,
                                           LLC dba HARBOR FREIGHT TOOLS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER     735203v1                    08CV0563DMS POR
                                               MEMO OF POINTS AND AUTHORITIES