1  Lynn Hubbard, III, SBN 69773
2  Scottlynn J Hubbard, IV, SBN 212970
3  **DISABLED ADVOCACY GROUP, APLC**
   12 Williamsburg Lane
4  Chico, CA 95926
5  (530) 895-3252

6  Attorneys for Plaintiff, Barbara Hubbard

9           UNITED STATES DISTRICT COURT,
10             SOUTHERN DISTRICT OF CALIFORNIA

13 BARBARA HUBBARD,                )  Case No. 08cv0563 DMS (POR)
                                   )
14           Plaintiff,            )
                                   )  **PLAINTIFF'S OPPOSITION TO**
15     v.                          )  **DEFENDANT CENTRAL**
                                   )  **PURCHASING, LLC'S MOTION**
17 CENTRAL PURCHASING, LLC         )  **TO DISMISS PLAINTIFF'S STATE**
18 dba HARBOR FREIGHT TOOLS,       )  **LAW CLAIMS PURSUANT TO 28**
   et al,                          )  **U.S.C. 1367(c)**
19                                 )
20           Defendants            )  Date:  July 11, 2008
                                   )  Time:  1:30 p.m.
                                   )  Room:  Courtroom 10
21                                 )
                                   )  **Honorable Dana M. Sabraw**
22                                 )
23 _____

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 1

# I. INTRODUCTION

Defendant Central Purchasing, LLC dba Harbor Freight Tools (hereinafter "Harbor Freight") has filed a motion to dismiss plaintiff Barbara Hubbard's state claims. To support its argument, defendant relies on the recent state appellate court decision *Gunther v. Lin* for the bulk of its argument that the law is unsettled on damages and intent, as they pertain to Hubbard's state Unruh Act claim, and that due to tension between this recent decision and federal precedent, the state law claims must be dismissed.

Defendant's reliance on *Gunther* is misplaced; it is a misreading and misinterpretation of both the plain language of the statutes at issue, and it plainly contradicts not only California Supreme Court precedent, but Ninth Circuit precedent as well, <u>which this Court is bound by</u>. It is, in short, an anomaly.

Most significantly, the recent certification of the question of intent and *Gunther* by the Ninth Circuit to the California Supreme Court has actually clarified what action this Court should take: if there is evidence that the state supreme court would decide differently than the appellate court on an issue, then federal courts **need not defer** to the appellate court decision, and indeed must adhere to previous federal precedent. As the Ninth Circuit made clear in its certification, such is the case in the instant matter. This Court therefore must follow *Lentini*.

## II.  DISCUSSION

Plaintiff will present her arguments – and analysis in light of the *Gunther* decision – from three (3) different perspectives: 1) equity; 2) factual differences of the instant matter with the *Gunther* case; and, finally, 3) the legal arguments concerning *Gunther*.

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 2

A. **<u>Equity: Hubbard Has Pled Intent In Her Complaint And Has A Right To Prove Up Such Intent</u>**

Harbor Freight argues that the recent case of *Gunther v. Lin*, 144 Cal.App.4th 223 (4th Dist. 2006), has changed the landscape of Unruh Act claims. Defendant argues that since *Gunther* requires intent in order to obtain statutory damages under the Unruh Act, and as such holding directly conflicts with the Ninth Circuit's opposition holding in *Lentini v. Calif. Cntr. For the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004), the "tension" between *Gunther* and *Lentini* (and between other district courts) requires this Court to decline supplemental jurisdiction over Hubbard's state claims. *See* Defendant Memorandum of Points and Authorities In Support of Motion For the Court to Decline Supplemental Jurisdiction (hereinafter "Defendant's Motion"), pp. 3-5.

However, this "tension" centers on the issue of *intent*, and on this topic (quite apart from the misguided decision in *Gunther*, as discussed *infra*) this Court need not make any decision regarding the state claims at this early stage of the litigation. This is so because Hubbard <u>has actually pled intent in her Complaint</u> with respect to defendant Harbor Freight (*see* First Amended Complaint ("FAC"), Docket Item #4, ¶¶ 14-15), and basic notions of equity mean that Hubbard deserves a chance to prove that defendant intended to discriminate against disabled persons.

Furthermore, as Harbor Freight rightly points out, the Ninth Circuit has recently certified the question of what exactly is meant by "intent" in the *Gunther* decision to the California Supreme Court. *See Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008). Specifically, the Ninth Circuit certified two questions:

- Must a plaintiff who seeks damages under California Civil Code section 52, pursuant to a violation of section 51, prove "intentional

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 3

1 discrimination"?; and

2 - If the answer to the above is "yes," what does "intentional
3 discrimination" mean in this context?

4 *Id.* at 999. For example, if the California Supreme Court affirms that
5 "intentional discrimination" must be shown, is it an actual discriminatory
6 animus towards the disabled, or would deliberate indifference to the needs of
7 the disabled suffice? Or perhaps the intent to have a subject property in a
8 specific design or layout – which results in access barriers – would suffice.

9 At any rate, if the California Supreme Court accepts the Ninth
10 Circuit's request, it will answer this conundrum. However, **whatever**
11 **answer it comes up with,** it is simply too early to dismiss the state claims
12 (nor is a stay of this action required) when Hubbard has not even had a
13 chance to show this Court that intent is present – regardless of whether it is
14 required or not. If the California Supreme Court agrees that *Gunther*
15 requires intent, then Hubbard has pled it, and has the right to prove it up (as
16 defined in her Complaint, that is, that defendant intended the layout and
17 design of subject property as it currently is, which is non-compliant),
18 regardless of *how* the California Supreme Court has defined said "intent." If
19 the California Supreme Court disagrees with *Gunther* and rejects the
20 reasoning of *Gunther*, absolutely no harm is done by Hubbard pursing a
21 showing of intent to discriminate by Harbor Freight.

22 Either way, equity and the recent certification by the Ninth Circuit
23 requires that this Court not dismiss Hubbard's state claims <u>at this time</u>.

24 **B.    Factual: The *Gunther* Case Involved A Property Undergoing A**
25 **Re-Model, While the Current Lawsuit Does Not**

26 Another significant difference between the instant matter and the
27 *Gunther* case is that the defendant's property in *Gunther* was undergoing a
28 re-model when the disabled plaintiff visited it, so the case became a matter

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 4

1  of what exactly defendant had *intended* in the re-model.  For example, two
2  barriers at issue in *Gunther* were unwrapped plumbing in the bathroom, as
3  well as a mirror mounted too high.  The *Gunther* Court came to the
4  conclusion – by examining defendant's design plans and proffered evidence
5  – that defendant intended to wrap the plumbing (and plaintiff merely
6  encountered the plumbing during the re-model *before* it had been wrapped
7  and insulated as intended), and the hanging of the mirror was a mistake:
8  defendant had never intended to mount any mirror at all. *See Gunther v. Lin*,
9  144 Cal.App.4th 223, 231-32 (4th Dist. 2006).  So the decision of the *Gunther*
10 Court <u>was directly related</u> to *how* defendant intended to re-model the subject
11 property, and whether said final design and layout presented access barriers
12 and thereby violated the ADA and/or Unruh Act.

13 However, in the instant matter, there is no re-model going on.  The
14 property is what it is – it exhibits the same layout and design it has had since
15 the enactment of the ADA and state access laws.  And, since no re-model
16 was/is underway, there is no question or confusion regarding *how* Harbor
17 Freight intended the design and layout of the subject property to be: its
18 current layout and design is **exactly** how defendant intends it to be.  The
19 question then becomes: does the design or layout of the restaurant present
20 access barriers and therefore violate the ADA and/or Unruh Act and other
21 pled state law claims?

**C.    <u>Legal: *Gunther* Misinterpreted The Current Law, And the Ninth Circuit Has Stated That It Believes There Is Strong Evidence That The California Supreme Court Will Reject *Gunther's* Reasoning</u>**

    **1.    *Preliminary Matters: Intent***

27 Harbor Freight argues that the recent case of *Gunther v. Lin*, 144
28 Cal.App.4th 223 (4th Dist. 2006), has changed the landscape of Unruh Act

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 5

1  claims. Defendant argues that since *Gunther* requires intent in order to
2  obtain statutory damages under the Unruh Act, and as such holding directly
3  conflicts with the Ninth Circuit's opposition holding in *Lentini v. Calif.*
4  *Cntr. For the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004), this Court is
5  obligated to adhere to *Gunther*.

There are several problems with this argument.

### a.  *The Disabled Persons Act*

First, Hubbard points out that she has also alleged violations of California's Disabled Persons Act ("CDPA") against Harbor Freight. *See* FAC, ¶¶ 33-39. As with the Unruh Act, a violation under the ADA also constitutes a violation of the California DPA. Cal. Civ.Code § 54.1(d). However, a showing of intent to discriminate is **not required** to obtain monetary damages under the CDPA. *Donald v. Cafe Royale, Inc.,* 218 Cal.App.3d 168, 177-180, 266 Cal.Rptr. 804 (1990).

Harbor Freight has utterly failed to address this issue in its motion. This is significant. If this Court should decide that due to the federal and state tension on the issue of intent and the Unruh Act it must decline supplemental jurisdiction on Hubbard's Unruh Act claim, Hubbard can still proceed on her claim under the CDPA for damages without the need of showing intentional discrimination of any kind whatsoever.[1]

### b.  *The Ninth Circuit Has Certified The Question of Intent and Gunther To The California Supreme Court*

The Ninth Circuit has repeatedly made it clear that federal courts must defer to state appellate court decisions on state law (if it conflicts with federal law) **unless** there is evidence that the state supreme court would

---

1   Hubbard also alleges violation of California's Health and Safety Code, § 19955(a), which also does not require any showing of intent to discriminate. *See* FAC, ¶¶ 48-52.

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**

1 decide differently than the appellate court. *See, e.g., Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007). In the instant case, however, there is <u>in fact evidence to think that the California Supreme Court *would* decide the issue differently than the *Gunther* appellate court</u>.

First, this Court is in fact bound by circuit authority, and in this case, it is bound by the case of *Lentini v. Calif. Cntr. For the Arts*, 270 F.3d 837, 847 (9th Cir. 2004), which held that because a disabled plaintiff need not prove discriminatory intent under the ADA, plaintiffs also need not prove discriminatory intent under the Unruh Act, since the California legislature amended the Act to incorporate the ADA standards of liability. *See also Hart v. Massanari,* 266 F.3d 1155, 1175 (9th Cir.2001) ("A district court bound by circuit authority ... has no choice but to follow it, even if convinced that such authority was wrongly decided").

Second, as previously discussed, the Ninth Circuit has recently certified the issue of *Gunther* and intent to the California Supreme Court in order to resolve conflict between *Gunther* and *Lentini*. *See Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008).

Most significantly, the Ninth Circuit made it exceedingly clear that it thinks the reasoning of the *Gunther* appellate court was faulty and contrary to previous California Supreme Court rulings. The Ninth Circuit presented abundant evidence of this in its certification order, *see Munson*, at 1002-1003, <u>before unequivocally stating</u>: "The foregoing concerns about *Gunther's* reasoning leave us in doubt as to whether the California Supreme Court would hold in conformity with it." *Id*.

Thus, in the Ninth Circuit's view, there is in fact <u>convincing evidence</u> that the California Supreme Court would decide the issue differently than the *Gunther* appellate court. Because of this, and as a direct consequence of previous Ninth Circuit authority, this Court is obligated to disregard the

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 7

1  appellate court decision of *Gunther v. Lin*, and apply *Lentini* in the instant
2  matter. *See also Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127,
3  1136 (E.D.Cal.2007) (finding that since a statutory and legislative history
4  analysis of the Unruh Act convincingly shows that *Gunther* is not the law of
5  the state, and since federal courts are free to disregard intermediate state
6  court decisions where there is "convincing evidence" that the state's highest
7  court would decide differently, *Lentini* must be applied), *citing In re Watts*,
8  298 F.3d. 1077, 1083 (9th Cir. 2002).

In short, <u>until the California Supreme Court states otherwise</u>, pursuant to *Lentini* there is no requirement that Hubbard demonstrate intentional discrimination in order to prove a violation of the Unruh Act, so long as she can show an ADA violation.

### 2.   *A Brief Discussion of Why Gunther Got the Law Wrong*

There are four published decisions that need to be harmonized to understand the state of the law with respect to the Unruh Civil Rights Act. Those cases are: *Harris v. Capital Growth Investors XIV*, (1991) 52 Cal.3d 1142, 278 Cal.Rptr. 614, 805 P.2d 873; *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 707 P.2d 195, 219 Cal.Rptr. 133; *Modern Development Co. v. Navigators, Ins. Co.* (2nd Dist. 2003) 111 Cal.App.4th 932, 4 Cal.Rptr.3d 528; and *Gunther v. Lin*.

The California Supreme Court has already ruled that there is no need to establish discriminatory intent under the Unruh Civil Rights Act. *See Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 707 P.2d 195, 219 Cal.Rptr. 133. In *Koire*, the plaintiff was challenging the practice of a car wash in providing for cheaper car washes for women on "ladies days" and, therefore, discriminating against men on those days. The trial court found "no intent" to exclude or to make men "feel unwelcome, unaccepted or undesired." *Koire*, 40 Cal.3d at 33. But the California Supreme Court, found a violation

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 8

Case 3:08-cv-00563-DMS-POR     Document 8     Filed 06/19/2008     Page 9 of 12

of the law and pointed out that: "**discriminatory *intent* is not required by the Unruh Act . . .** Plaintiff was entitled to equal treatment, no matter what his sex, and *regardless of defendants' intent in denying him equal treatment*." *Id.* (emphasis added, internal quotations removed).  There could not be a more clear statement of the law:  <u>**There is no need to establish an intent to exclude**</u>.

Given this clear statement of the law by the California Supreme Court (and the Ninth Circuit in *Lentini*), one must then ask how we harmonize the subsequent California Supreme Court holding in *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142 (and upon which the *Gunther* court so heavily relied, and by extension Harbor Freight in the instant motion), that, "the language of the Act suggests that intentional acts of discrimination, not disparate impact, was the object of the legislation" or "the damages provision . . . reveals a desire to punish intentional and morally offensive conduct," or, "we hold that a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act. A disparate impact analysis or test does not apply to Unruh Act claims."  *Id.* at 1172 and 1175.

A key to harmonizing the statement, "**discriminatory intent is not required**" (*Koire*) with "**a plaintiff must prove intentional discrimination**" (*Harris*), is a recent published decision: *Modern Development Co. v. Navigators, Ins. Co.* (2nd Dist. 2003) 111 Cal.App.4th 932, 4 Cal.Rptr.3d 528.  In *Modern Development*, the court was faced with this very question: what is intentional conduct under the ADA and the Unruh Civil Rights Act? The *Modern Development* court found that "as a matter of law" the inaccessible restrooms were "intentional conduct" and reasoned:

> As argued by Navigators, Moreno's alleged injuries were caused by the architectural configuration of the Swap Meet and Modern Development's alleged failure to remove architectural

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 9

barriers, *not by an accident*. **The Swap Meet <u>intended</u> for the bathrooms to be configured as they were**. The result is that the incident involving Mr. Moreno is not a covered event.

Id. at 943 (emphasis added). Thus, under *Modern Development*, a plaintiff does not need to prove that the defendant harbored some sort of *animus* towards the disabled. Instead, the intentional discrimination required under the law (i.e. under *Harris*) is <u>the intention to present the architectural layout as it exists</u> (discriminatory or not). In *Modern Development*, the court found that such intent was present based on the architectural configuration of the Swap Meet. This finding jibes with both *Koire* ("discriminatory intent [actual animus] is *not* required") and *Harris* ("a plaintiff must prove intentional discrimination").

In fact, this logical reading and harmonization of *Harris* and *Koire* fits the relevant statutory scheme perfectly. Under the Americans with Disabilities Act, it is an act of discrimination to "fail to remove" certain barriers. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). The Unruh Civil Rights Act has incorporated that provision and, therefore, the failure to remove certain barriers is a violation of the Unruh Civil Rights Act. *See* Cal. Civ. § 51(f). In light of the *Koire/Harris/Modern* trifecta, we should say that it is a violation of the Unruh Civil Rights Act where there is an *intentional* decision to not remove barriers, or, similarly, an intention to present the architectural layout as it exists.

Moreover, this harmonization helps make sense of a poorly worded *Gunther* decision. In *Gunther*, as discussed *supra*, because defendant Lin had *intended* that there be wrapped plumbing and had *intended* that there not be any mirror, the "violations" complained of by plaintiff Gunther were *un*intentional. In other words, the "intentionality" addressed by the *Gunther* court deals with whether the defendant intended its property to be the way

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**

Page 10

1  that it was — not that defendant Lin had to desire to exclude persons with
2  disabilities or treat them differently. In *Gunther*, the defendant did NOT
3  intend that there be a mirror and did NOT intend that its plumbing be
4  exposed and, therefore, the *Gunther* court found no violation.
5      Hubbard urges this Court to reject the narrow interpretation urged by
6  Harbor Freight and interpret the law consistent with the published decisions,
7  as well as based on sound canons of statute construction, as explicated by
8  Senior Eastern District Court Judge Lawrence Karlton in *Wilson v. Haria &*
9  *Gogrich Corp.*, 479 F.Supp.2d 1127, 1137-41 (E.D.Cal.2007), a case that
10 even defendant admits has relevance in the instant analysis.
11     After all, it is in the spirit of interpreting the Act's coverage "in the
12 broadest sense reasonably possible," that the Honorable Judge Karlton
13 stated: "Furthermore, the court finds that the issue of state law presented by
14 the instant action is not particularly novel or complex in light of the
15 overwhelming body of case law finding that proof of intent is not required
16 [under the Unruh Act when an ADA violation is show]." *Wilson*, at 1138
17 n.15. *Gunther* is an aberration, not the law, as even the Ninth Circuit makes
18 clear in its recent *Munson* certification request.

### III. CONCLUSION

20     For the foregoing, Hubbard respectfully requests that this Court
21 continue to exercise supplemental jurisdiction over her state claims. There
22 is no "conflict" regarding intent in this Circuit as illustrated by *Lentini*
23 because *Gunther* is not the law; it is rather an incorrect interpretation of
24 both existing state and federal law.  It is an aberration in the face of an
25 overwhelming body of cases that is contrary to its holding, a belief made
26 especially clear by the *Munson* request for certification.
27     Furthermore, California's Disabled Persons Act requires no showing
28 of intent, and thus there is no "tension" on this claim between state and

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 11

1 federal courts.

3 DATED: June 19, 2008        DISABLED ADVOCACY GROUP, APLC

 */s/ Lynn Hubbard, III, Esquire*
LYNN HUBBARD, III
Attorney for Plaintiff, Barbara Hubbard

*Hubbard v. Central Purchasing, LLC, et al.,* **Case No. 08cv0563 DMS (POR)**
**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's State Law Claims**
Page 12