1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), Morlick@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), Mkenefick@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorneys for Defendant CENTRAL PURCHASING, LLC dba
   HARBOR FREIGHT TOOLS

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>            Plaintiff,<br><br>     v.<br><br>CENTRAL PURCHASING, LLC dba<br>HARBOR FREIGHT TOOLS, et al.,<br><br>            Defendants. | CASE NO.    08CV0563DMS POR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]**<br><br>**Accompanying Papers**: Request for Judicial Notice<br><br>Date:          July 11, 2008<br>Time:         1:30 p.m.<br>Dept:         Courtroom 10<br>Judge:       Hon. Dana M. Sabraw<br><br>Complaint filed:         April 2, 2008<br>1st Am. Compl. filed:   April 16, 2008<br>Trial Date:               None set |

Defendant Central Purchasing, LLC dba Harbor Freight Tools ("**Harbor Freight**"), hereby submits the following Reply Memorandum of Points and Authorities in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims (the "**Motion**"):

I.     **INTRODUCTION**

Plaintiff's Opposition to this Motion (the "**Opposition**") only proves Harbor Freight's

---

744136v1                                    08CV0563DMS POR
                                            REPLY MEMO OF POINTS AND AUTH.

1  point: there is a strong disagreement between the federal District and California state Courts in
2  interpreting the minimum statutory damage provisions of the California Unruh Civil Rights Act.
3  The law is clear – in circumstances such as these, as a matter of comity and to promote justice
4  between the parties, this Court should decline supplemental jurisdiction over Plaintiff's state law
5  claims.  Any other result will promote forum shopping.

6  This Court has heard and rejected almost each and every one of the arguments raised
7  in the Opposition before - in <u>Cross v. Boston Market etc. et al.</u>, No. 07CV486J(LSP) and <u>Oliver v.
8  Red Lobster etc.</u>, No. 07CV1719IEG(WMC)[1] Plaintiff's Counsel submitted substantially the same
9  opposition to similar motions - both of which this Court rejected, granting the motions.  The state of
10 the law has not changed since those decisions - there are still differing interpretations of the damage
11 provisions of the Unruh Civil Rights Act.  The fact that the Ninth Circuit has certified this issue to
12 the California Supreme Court all the more demonstrates this.  This certification, by no means,
13 equates to the resolution of this issue.  The California Supreme Court only accepted certification of
14 this issue on June 25, 2008 - it could take over a year before it issues its decision.  If this Court
15 wrongly predicts how the California Supreme Court will rule, then the parties and this Court face
16 re-litigation of Plaintiff's state law claims.

17 As such, this Court should, as it has done before, dismiss Plaintiff's state law claims
18 as a matter of comity and to promote justice.

19 **II.   LEGAL ARGUMENT**

20 **A.   This Court Should Decline To Extend Supplemental Jurisdiction To Plaintiff's State Court Claims And Dismiss The Same – 28 U.S.C. § 1367(c)**
21

22 Plaintiff's lengthy missive on the merits of <u>Gunther v. Lin</u>, 144 Cal.App.4th 223 (4th
23 Dist. 2006) manifestly demonstrates why this Court should decline to exercise supplemental
24 jurisdiction over Plaintiff's state law claims.

25 As Plaintiff points out in length, Judge Karlton in <u>Wilson v. Haria and Gogri Corp.</u>,

---

[1] <u>See</u> Exhibits 1-4 of the accompanying Reply Request for Judicial Notice in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] (the "**RJN**").

28

1  2007 WL 851744 (ED Cal. 2007) found the reasoning of <u>Lentini v. California Center for the Arts,</u>
2  <u>Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004) to be persuasive, and rejected the holding of the
3  California Court of Appeal in <u>Gunther v. Lin</u>, 144 Cal.App.4th 223 (4th Dist. 2006).  Plaintiff's
4  explanation of why <u>Gunther</u> was wrongly decided does not change the fact that it **<u>is the law</u>** in
5  California.  Plaintiff's wholesale recitation of the reasoning of <u>Wilson</u> ignores the fact that the
6  California Supreme Court not only denied review of <u>Gunther</u>, but also rejected multiple requests for
7  depublication of the opinion.  The law is clear, if the issues presented in this case were presented to
8  a California state Superior court, that Court would follow <u>Gunther</u>.  <u>See</u> <u>Auto Equity Sales v.</u>
9  <u>Superior Court</u>, 57 Cal.2d 450, 455 (1962).

10         Thus, California Superior courts are bound by <u>Gunther</u>.  As Plaintiff points out in
11  great detail, however, the federal courts may not be bound by <u>Gunther</u>.  <u>Wilson v. Haria and Gogri</u>
12  <u>Corp.</u>, 2007 WL 851744, Slip. Opin. at pp. 13-14 (ED Cal. 2007).  Point of fact, the <u>Wilson</u> Court
13  expressly rejected <u>Gunther</u>.  This all the more proves Harbor Freight's point.  There is a strong
14  dissention between California Courts of Appeal and the Ninth Circuit District Courts over the
15  interpretation of the right of a plaintiff to recover minimum statutory damages under the California
16  Unruh Civil Rights Act.  The <u>Gunther</u> Court, similar to the <u>Wilson</u> Court, supported its decision
17  with a 34 page discussion which included lengthy examination of the law and its legislative history.
18  The <u>Gunther</u> Court expressly rejected the Ninth Circuit's holding in <u>Lentini v. California Center for</u>
19  <u>the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004) – a decision embraced by the <u>Wilson</u> Court.
20  Thus, the California Courts of Appeal and the Ninth Circuit District Courts hold two (2)
21  diametrically opposed interpretations of the California Unruh Civil Rights Act.  Plaintiff's
22  Opposition proves this point.

23         In circumstances such as these, involving conflicting interpretations of state law, as a
24  matter of comity and to promote justice between the parties, federal courts should decline
25  supplemental jurisdiction.  <u>See</u> <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726
26  (1966).  This District has relied on this principle to decline supplemental jurisdiction over state law
27  claims in disabled access cases.  <u>See</u> <u>OAM v. Singletary</u>, 406 F.Supp.2d 1120, 1130-1132 (2005
28  S.D. Cal.); <u>See</u> <u>also</u> <u>Cross v. Pacific Coast Plaza Invest.</u>, No. 06CV2543 JM(RBB) (SD Cal. Mar. 6,

1  2007); See also Cross v. Boston Market etc. et al., No. 07CV486J(LSP) (SD Cal. May 29, 2007);

2  See also Oliver v. Red Lobster etc., No. 07CV1719IEG(WMC) (SD Cal. Nov. 16, 2007).  It should

3  do so again in this Action.

4          Accordingly, pursuant to 28 U.S.C. § 1367(c), this Court should decline

5  supplemental jurisdiction over Plaintiff's state law claims and dismiss the same.

6      **B.**    **This Court Has Previously Rejected The Arguments Raised In Plaintiff's Counsel's Opposition**

7

8          This Court previously analyzed and rejected the arguments raised in Plaintiff's

9  Counsel's Opposition to this Motion.  In the matters of Cross v. Boston Market etc. et al., No.

10  07CV486J(LSP) and Oliver v. Red Lobster etc., No. 07CV1719IEG(WMC), this Court was

11  presented with very similar facts and the same Motion.  In those cases, similar to this Action, the

12  Defendants filed motions pursuant to 28 U.S.C. section 1367(c) for the Court to dismiss the

13  Plaintiff's state law claims.  The Plaintiff's Counsel in those cases, the Disabled Advocacy Group,

14  APLC, which is the very same Plaintiff's Counsel as in this Action, filed oppositions to the

15  defendants' Motions which are substantially identical to that which is submitted in this Action.

16  Those oppositions raised almost all of the same arguments as the Opposition in this Action and

17  focused on the merits of Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006).

18          In Cross, this Court unequivocally rejected Plaintiff's Counsel's arguments, granting

19  the Defendant's Motion, and explaining:

20      Plaintiff argues that the Court should retain supplemental jurisdiction
    because *Gunther* is not controlling authority on the federal courts and
21      was wrongly decided.  However, even if the Court assumes that
    *Gunther* incorrectly interpreted Civil Code § 52, the fact remains that
22      the proper interpretation of this statute is an unresolved issue of state
    law.  Accordingly, the Court **GRANTS** Defendants' motion to
23      dismiss the supplemental state claims.  The Court notes that the
    conflict between *Lentini* and *Gunther* applies only to Plaintiff's Unruh
24      Act Claims.  However, the Court finds that the most efficient course
    is to also dismiss Plaintiff's DPA and Health and Safety Code claims
25      in order to allow the state court to adjudicate Plaintiff's state claims in
    their entirety.  The Court thus **DISMISSES** without prejudice all of
26      Plaintiff's state claims.  Cross, slip opin. at pp.8-9.

27          In Oliver, this Court unequivocally rejected Plaintiff's Counsel's arguments, granting

28  the Defendants' Motion, and explaining:

PRINTED ON RECYCLED PAPER

744136v1     - 4 -    08CV0563DMS POR
REPLY MEMO OF POINTS AND AUTH.

> Other courts in this district have been faced with this conundrum. This court is obligated to follow the Ninth Circuit's decision in <u>Lentini</u>, which allows plaintiffs to recover monetary damages under the Unruh Act without proving discriminatory intent… However, <u>Gunther</u> plainly holds that a plaintiff seeking damages under Cal. Civ. Code § 52 must show intentional discrimination. Faced with conflicting authority, courts of this district have almost uniformly concluded that it is appropriate to decline supplemental jurisdiction…
>
> …Plaintiff argues the Court should not dismiss his state law claims because, even if the Court ultimately concludes it is bound by <u>Gunther</u>, he has alleged intent. However, even if Plaintiff alleges Defendant intentionally maintained the subject property in its current non-compliant condition and intentionally refrained from altering the subject property to meet accessibility standards, [Complaint ¶ 14-15], the Court would still ultimately be required to resolve a novel and complex issue of state law - whether Plaintiff is required to show intentional discrimination in order to recover damages under the Unruh Act. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims in this case. In addition, Plaintiff's state law claims under the California Disabled Persons Act and the California Health and Safety Code are intertwined with his Unruh Act claims. Therefore, the Court also finds it appropriate to dismiss those claims to allow the state court to adjudicate all of Plaintiff's state claims. <u>Oliver</u>, slip opin. at pp. 4-5

This Court is presented with substantially the same motion, same set of facts, same underlying law, and same arguments. This Court should, as it has before, dismiss Plaintiff's state law claims as a matter of comity and to promote justice.

**C.  The Ninth Circuit's Certification To The California Supreme Court Demonstrates Why This Court Should Decline To Extend Supplemental Jurisdiction Over Plaintiff's State Law Claims And Dismiss The Same**

The Ninth Circuit's April 14, 2008 certification to the California Supreme Court in the matter of <u>Munson v. Del Taco</u>, 06-56208 all the more illustrates why this Court should grant Defendant's Motion. The Ninth Circuit has expressly acknowledged the quandary faced by District Courts as the result of the conflicting interpretations of the Unruh Act damage provisions. District Courts are tasked with predicting how the law will settle - this has not changed. The Ninth Circuit's certification of this issue to the California Supreme Court only establishes that the law will ultimately be settled. The California Supreme Court only accepted this certification on June 25,

1  2008[2] - it may take more than a year before it issues its final decision.  Meanwhile, if this Court
2  wrongly predicts how the California Supreme Court will rule, then this Court and the parties face
3  revisiting Plaintiff's state law claims for a second time.  This peril is exactly what this Court has
4  sought to avoid in its prior denials to extend supplemental jurisdiction over disabled access state law
5  claims.  Accordingly, this Court should, as it has before, dismiss Plaintiff's state law claims.

### III.  CONCLUSION

The California state Courts and the federal District Courts have opposing interpretations of the California Unruh Civil Rights Act, and therefore this Court should decline supplement jurisdiction over Plaintiff's state law claims.  This Court has done so when presented with similar facts and the same arguments in the matters of Cross v. Boston Market etc. et al., No. 07CV486J(LSP) and Oliver v. Red Lobster etc., No. 07CV1719IEG(WMC).  The law has not changed since Cross and Oliver, nor should this Court's ruling.

DATED:  July 3, 2008                JEFFER, MANGELS, BUTLER & MARMARO LLP
                                    MARTIN H. ORLICK
                                    MATTHEW S. KENEFICK


                                    By: /s/ Martin H. Orlick
                                         MARTIN H. ORLICK
                                     Attorneys for Defendant CENTRAL PURCHASING,
                                     LLC dba HARBOR FREIGHT TOOLS

---

[2] See Exhibit 5 to the RJN.