**EXHIBIT 2**

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 2 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 2 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 1 of 14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS,<br><br>   Plaintiff,<br> v.<br>BOSTON MARKET CORP., et al.,<br>   Defendants. | Civil No. 07cv486 J (LSP)<br><br>ORDER:<br><br>(1) DENYING DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING ON THE ISSUE OF PLAINTIFF'S ARTICLE III STANDING;<br><br>(2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SUPPLEMENTAL STATE LAW CLAIMS;<br><br>(3) DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6);<br><br>(4) DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT. |

  Before the Court are Defendants Valvista South, LLC and Valvista North, LLC's ("Defendants") Motion for an Evidentiary Hearing on the Issue of Plaintiff's Article III Standing, Motion to Dismiss Supplemental State Law Claims, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion for a More Definite Statement. [Doc. No. 38.] Co-defendants Krausz Companies, Inc., Krausz Vista, LLC, Krausz Vista Two, LLC, Boston Market Corporation, System Capital Real Property Corporation, Michaels Stores Inc., Anna's Linens Inc., Petsmart Inc., and Vista P.S., LLC join in the motions. [Doc. Nos. 42, 45,


EXHIBIT 2

Case 3:08-cv-00563-DMS-POR    Document 9-4    Filed 07/03/2008    Page 3 of 15
Case 3:08-cv-00563-DMS-POR    Document 7-7    Filed 06/02/2008    Page 3 of 15
Case 3:07-cv-00486-J-LSP    Document 66    Filed 05/29/2007    Page 2 of 14

46, 49, 56.] Plaintiff Diane Cross ("Plaintiff") has filed an opposition. [Doc. No. 55.] The issues presented are decided without oral argument. *See* S.D. Cal. Civ. R. 7.1.d.1 (2006). For the reasons set forth below, the Court: (1) **DENIES** Defendants' Motion for an Evidentiary Hearing on the Issue of Plaintiff's Article III Standing; (2) **GRANTS** Defendants' Motion to Dismiss the Supplemental State Law Claims; (3) **DISMISSES** without prejudice all of Plaintiff's state claims; (4) **DENIES** Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); (5) **DENIES** Defendants' Motion for a More Definite Statement.

### *Background*

This is a disability discrimination case alleging that architectural barriers at various retail establishments located within the North County Square Shopping Center ("Shopping Center") violate federal and state law by preventing Plaintiff, an alleged disabled individual, from enjoying full and equal access to public accommodations. (*See generally* Compl.) Plaintiff brings claims arising under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act ("DPA"), and the Health and Safety Code. (*See generally id.*)

Plaintiff alleges that she is a paraplegic and therefore "physically disabled" within the meaning of federal and state law. (*Id.* ¶ 17.) Defendants Valvista South, LLC and Valvista North, LLC currently own portions of the Shopping Center. (Mot. to Dismiss at 2.) Defendants did not acquire ownership rights in portions of the Shopping Center until January 26, 2007, approximately two months before Plaintiff filed this action. (*Id.* at 3.)

Plaintiff alleges that during a visit to Defendants' properties, she encountered barriers that prevented her from enjoying full and equal access to the facilities located thereon and deterred her from returning. (Compl. ¶ 28.) Plaintiff seeks relief in the form of damages, injunctive and declaratory relief, and attorney's fees and costs. (*See generally* Compl.)

//
//
//
//

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 4 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 4 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 3 of 14

*Discussion*

**I. Defendants' Motion for an Order Setting an Evidentiary Hearing on the Issue of Plaintiff's Article III Standing**

Defendants argue that the Court should set an evidentiary hearing on Plaintiff's Article III standing because Plaintiff has filed more than 65 ADA lawsuits, including similar actions against shopping centers. (*See* Mot. to Dismiss at 13.) In opposition, Plaintiff argues that she has satisfied the standing requirement by alleging in her Complaint that she visited Defendants' properties, encountered barriers therein which denied her full and equal access, and has been deterred from returning. (*See* Opp'n to Mot. to Dismiss at 18.)

**A. Legal Standard**

Article III of the Constitution requires that litigants have standing to invoke the federal court's power. *See Allen v. Wright*, 468 U.S. 737, 750-51 (1984) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Lack of Article III standing constitutes a defect in subject matter jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A motion challenging standing is properly presented under Federal Rule of Civil Procedure 12(b)(1). *See id.* ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), not Rule 12(b)(6).").

The party invoking jurisdiction has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To have standing, a plaintiff must satisfy three elements. First, the plaintiff must have "suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations and citations omitted). Second, there must be a causal nexus between the alleged injury and the defendant's challenged conduct. *See id.* Third, it must be likely that a favorable decision will redress the injury. *See id.* at 561.

To establish standing in an ADA action seeking declaratory or injunctive relief, the plaintiff must show (1) that she is threatened with a concrete and particularized legal harm, and

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 5 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 5 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 4 of 14

(2) that there is a sufficient likelihood that she will be harmed again in a similar way. *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1019 (9th Cir. 2002); *Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1119 (S.D. Cal. 2006); *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005).

**B. Application**

Plaintiff has met her burden to establish standing at the pleading stage. Plaintiff alleges that she visited the stores within the Shopping Center, encountered barriers therein which denied her full and equal access, and has been deterred from returning. (*See* Compl. ¶¶ 27-76.) The Court thus declines Defendants' request to conduct an evidentiary hearing, finding the issue more properly deferred until the summary judgment stage. Defendants nevertheless urge the Court to conduct an evidentiary hearing because Plaintiff has filed more than 65 ADA lawsuits, including similar actions against shopping centers. (*See* Mot. to Dismiss at 13.) At least one district court within the Ninth Circuit has conducted an evidentiary hearing on standing during the pleading stage of an ADA case. *See Molski*, 359 F. Supp. 2d at 941. However, that court did so in light of evidence that the plaintiff's ADA case was being used as a pretext to gain access to the federal courts while pursuing state law remedies, a fact which is absent here. *See id.* at 941 n.1. Additionally, even at the summary judgment stage, the number of ADA lawsuits filed is relevant to, but not dispositive of, the issue of whether a plaintiff has standing. *See Wilson*, 426 F. Supp. 2d at 1123 (finding that the plaintiff's filing of more than 80 lawsuits throughout California was relevant to but not outcome determinative of a motion for summary judgment); *cf. Molski*, 359 F. Supp. 2d at 948 (finding that the number of lawsuits previously filed by a plaintiff is not relevant to resolving the issue of standing at the pleading stage). Accordingly, the Court **DENIES** Defendants' Motion for an order setting an evidentiary hearing on the issue of Plaintiff's Article III standing.

**II. Defendants' Motion to Dismiss Supplemental State Claims**

Defendants argue that "because of recent dissension between the state and federal courts on the interpretation of California disability access statutes, this Court should decline supplemental jurisdiction over and dismiss [Plaintiff's] state court claims." (Mot. to Dismiss at

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 6 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 6 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 5 of 14

8.) Defendants note that the California Court of Appeal, in direct conflict with Ninth Circuit precedent, recently held that statutory damage awards under the remedial provisions of California's Unruh Civil Rights Act are not available absent proof of intentional discrimination, even when a defendant is found to have violated the ADA. (*Id.* (citing *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006).) In opposition, Plaintiff argues that the California Court of Appeal's decision is not controlling and is "wrong on the law." (Opp'n to Mot. to Dismiss at 6-11.)

Pursuant to 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over state law claims "that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III." *See* 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises novel or complex state-law issues; (2) the claim "substantially predominates" over the court's original-jurisdiction claims; (3) the court has dismissed all the original-jurisdiction claims; or (4) in "exceptional circumstances" if there are "other compelling reasons" to decline. *See* § 1367(c); *Patel v. Penman*, 103 F.3d 868, 877 (9th Cir. 1996).

Here, the Court has original jurisdiction over Plaintiff's ADA claims because they arise under federal law. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims so long as they derive from the same nucleus of operative fact as her ADA claims. *See Executive Software N. Am. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1552 (9th Cir. 1994) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). The same facts which give rise to Plaintiff's ADA claims, namely, the alleged barriers at the Shopping Center, give rise to Plaintiff's state law claims. The Court may, however, decline to exercise supplemental jurisdiction over the state law claims if one of the conditions listed in § 1367 is present.

Defendants argue that Plaintiff's state law claims raise novel or complex state-law issues. (Mot. to Dismiss at 8.) Specifically, Defendants assert that the California Court of Appeal's application of Unruh Act remedies in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006), is in direct conflict with the Ninth Circuit's application of the same remedies in *Lentini v. California Center for the Arts*, 370 F.3d 837 (9th Cir. 2004). The Court examines these two cases along with the

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 7 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 7 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 6 of 14

relevant statutes to determine whether Plaintiff's Unruh Act claims present novel and complex issues of unresolved state law.

**A. The Unruh Act and the ADA**

The Unruh Act provides in pertinent part:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). The California Supreme Court held in *Harris v. Capital Growth Investors XIV* that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *See* 52 Cal. 3d 1142, 1175 (1991); *see also Gunther*, 144 Cal. App. 4th at 233 (stating that statutory damages under the Unruh Act are available only for intentional discrimination). A year after *Harris* was decided, the California legislature amended the Unruh Act by providing that a violation of the ADA constitutes a violation of the Unruh Act. *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section."). A plaintiff need not demonstrate intentional discrimination to establish a violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(iv); *Lentini*, 370 F.3d at 846-47. Under California Civil Code § 52(a), which provides for certain remedies for discrimination in violation of the Unruh Act, a plaintiff may recover at least $4,000 for each offense constituting a violation of the Unruh Act. Cal. Civ. Code § 52(a).[1] In the instant case, Defendants allege that there is an unresolved issue of state law as to whether a plaintiff may recover statutory damages under California Civil Code § 52(a) for unintentional violations of the ADA. (*See* Mot. to Dismiss at 8.) This issue was examined by the Ninth Circuit in *Lentini*, 370 F.3d at 847, and the California Court of Appeal in *Gunther*, 144 Cal. App. 4th at 257.

---

[1] Specifically, California Civil Code § 52(a) provides that "[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)."

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 8 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 8 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 7 of 14

**B.** *Lentini* **and** *Gunther*

In *Lentini*, the Ninth Circuit acknowledged that no binding authority exists as to whether a plaintiff can receive statutory damages under the Unruh Act for unintentional violations of the ADA. *See Lentini*, 370 F.3d at 847. After engaging in a brief analysis, the Ninth Circuit found that a plaintiff is not required to demonstrate intentional discrimination to recover damages under the Unruh Act where the violation of the Unruh Act is premised on a violation of the ADA. *See id.* The Ninth Circuit determined that the California Supreme Court's holding in *Harris*, which required a showing of intentional discrimination to recover Unruh Act remedies, did not apply to Unruh Act claims establishing unintentional violations of the ADA. *See id.* The Ninth Circuit concluded that "[t]his result is mandated by the plain meaning of the Unruh Act's language, which states that a violation of the ADA is, per se, a violation of the Unruh Act." *Id.*

In contrast to *Lentini*, the California Court of Appeal in *Gunther* held that statutory damages under the Unruh Act are available only for intentional discrimination. *See* 144 Cal. App. 4th at 257. The court acknowledged that a plaintiff need not demonstrate intentional discrimination to prove an ADA violation, and that Civil Code § 51(f) provides that a violation of the ADA constitutes a violation of the Unruh Act. *Id.* at 227. However, the court found that the plain language of California Civil Code § 52(a), the statutory damages provision of the Unruh Act, provides remedies only for intentional discrimination. *Id.* at 233-34. The court also noted that it was bound by the California Supreme Court's decision in *Harris*, which held that § 52 applies only to intentional discrimination. *Id.* at 238-39. After discussing *Lentini* at length, the court concluded that the Ninth Circuit "basically refused to follow what our own state Supreme Court said in *Harris*" and that "the *Lentini* court's analysis cannot be considered an accurate statement of California law." *Id.* at 252. The court concluded by noting that the plaintiff could have recovered the smaller statutory minimum penalty available under the California Disabled Persons Act for unintentional violations of the ADA, had he elected to do

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 9 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 9 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 8 of 14

so.[2] *See Gunther*, 144 Cal. App. 4th at 257. The California Supreme Court has declined to review *Gunther* and has also declined requests for depublication of the opinion. *See Gunther v. Lin*, No. S148359, 2007 Cal. LEXIS 350, at *1 (Jan. 17, 2007).

Because there is no direct guidance from the California Supreme Court, and the Ninth Circuit and the California Court of Appeal have reached different conclusions, the Court finds that the remedial provisions of the Unruh Act present novel and complex issues of unresolved state law. If the Court adheres to the Ninth Circuit's approach in *Lentini*, Plaintiff would be able to recover damages under Civil Code § 52 if she establishes a violation of the ADA, even if such violation was unintentional. But if the Court adheres to the California Court of Appeal's approach in *Gunther*, Plaintiff would be able to recover damages under § 52 only if she establishes intentional discrimination. The Court therefore cannot reconcile *Lentini* and *Gunther*. This Court has previously noted that where there is no direct guidance from the California courts, and the federal courts have reached contrary conclusions, an unresolved issue of state law "is better left to the California courts." *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal. 2005) (finding that the remedial provisions of the Unruh Act and the DPA presented novel and complex issues of unresolved state law that should be avoided as a matter of comity). Here, federal and state interpretations of the remedial provisions of the Unruh Act have deviated to such a degree that declining supplemental jurisdiction over Plaintiff's Unruh Act claims is appropriate.

Plaintiff argues that the Court should retain supplemental jurisdiction because *Gunther* is not controlling authority on the federal courts and was wrongly decided. However, even if the Court assumes that *Gunther* incorrectly interpreted Civil Code § 52, the fact remains that the proper interpretation of this statute is an unresolved issue of state law. Accordingly, the Court **GRANTS** Defendants' motion to dismiss the supplemental state claims. The Court notes that the conflict between *Lentini* and *Gunther* applies only to Plaintiff's Unruh Act claims. However,

---

[2] In California, a plaintiff bringing a disability discrimination suit must elect between the larger damages provided by the Unruh Act via Civil Code § 52 or the smaller damages provided by the Disabled Persons Act via Civil Code § 54.3. Cal. Civ. Code § 54.3; *Gunther*, 144 Cal. App. 4th at 232.

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 10 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 10 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 9 of 14

the Court finds that the most efficient course is to also dismiss Plaintiff's DPA and Health and Safety Code claims in order to allow the state court to adjudicate Plaintiff's state claims in their entirety. The Court thus **DISMISSES** without prejudice all of Plaintiff's state claims.

**III. Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss**

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because Defendants "did not fail to design or construct an accessible facility as alleged in [the Complaint]." (Mot. to Dismiss at 10.) Further, Defendants assert that Plaintiff has failed to allege that she visited the property at issue during the relatively brief period in which Defendants have owned it. (*Id.*) In opposition, Plaintiff argues that she has complied with the liberal pleading standards of Federal Rule of Civil Procedure 8 by alleging that Defendant possesses an interest in the subject property, she visited the subject property during the statutory period, and she is deterred from visiting the subject property due to architectural barriers to access. (Opp'n to Mot. to Dismiss at 2, 16.) Because the Court has declined supplemental jurisdiction over Plaintiff's state law claims, the Court need only examine whether Plaintiff's ADA claims survive Defendants' Motion to Dismiss.

**A. Legal Standard: Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *See Papasan v. Allain*, 478 U.S. 265, 286

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 11 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 11 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 10 of 14

(1986); *see also W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Instead, the court must determine "whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, and documents relied upon but not attached to the complaint when authenticity is not contested. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

### B. Legal Standard: Title III of the ADA

Pursuant to Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination under Title III includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). If a defendant can demonstrate that removal of a barrier is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v). Discrimination also includes "a failure to design and construct facilities for first occupancy later than 30 months after [July 26, 1990], that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1). With respect to a facility that has been altered in a manner that could affect its usability, discrimination includes a failure to make the alterations so that the facility is readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Finally, the ADA requires reasonable modifications in policies or practices to make goods and services available to individuals with disabilities, unless such modifications would fundamentally change the nature of the goods and services. 42 U.S.C. § 12182(b)(2)(A)(ii).

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 12 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 12 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 11 of 14

**C. Application**

Plaintiff's Complaint cites all of the provisions of the ADA listed above and alleges facts in support of each provision. Plaintiff alleges that she is physically disabled as defined by the ADA. (Compl. ¶ 17.) She further alleges that she visited Defendants' properties and encountered physical and intangible barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the properties. (*Id.* ¶ 28.) Lists of these barriers are attached to Plaintiff's Complaint as exhibits. (*Id.* Exs. B, E, F, H, and J.) Plaintiff asserts that she is currently deterred from visiting the properties due to the barriers and the future threats of injury presented by these barriers. (*Id.* ¶¶ 36, 51, 56, 66, 76.)

In describing the manner in which Defendants violated the ADA, Plaintiff's Complaint closely tracks the language of the ADA and cites provisions of the statute. For example, Plaintiff claims that Defendants have discriminated against her by failing to provide full and equal access to their facilities. (*See id.* ¶ 230.) Plaintiff alleges that Defendants can easily remove the architectural barriers at its facilities without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers. (*See id.* ¶ 233.) Plaintiff asserts that if it was not readily achievable for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make goods and services available through alternative methods which were readily achievable. (*See id.* ¶ 234.) Plaintiff states that Defendants' facilities were designed or constructed after January 26, 1992, triggering access requirements under Title III of the ADA. (*See id.* ¶ 235.) Plaintiff also states that Defendants' facilities were modified after January 26, 1992, again triggering Title III's access requirements. (*See id.* ¶ 238.) Finally, Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures. (*See id.* ¶ 242.)

The Court's recitation of the allegations contained within the Complaint demonstrates that the allegations are not so conclusory or vague as to warrant dismissal. The allegations satisfy the requirements of Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint "need only give 'the defendant fair notice of what the plaintiff's claim is and

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 13 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 13 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 12 of 14

the grounds upon which it rests.'" *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff identifies the legal authority that serves as the basis for her claims and recites facts in support of her claims. Further, lists of the alleged barriers are attached to the Complaint. (Compl. Exs. B, E, F, H, and J.) Plaintiff's Complaint has provided Defendants with sufficient notice as to what Plaintiff's claims are and the grounds upon which they rest.

Defendants argue Plaintiff has failed to state a claim upon which relief may be granted because Defendants "did not fail to design or construct an accessible facility as alleged in [the Complaint]." (Mot. to Dismiss at 10.) However, dismissal of Plaintiff's ADA claims is appropriate only where it appears beyond doubt that she can prove no set of facts in support of her claims which would entitle her to relief. *See Edwards*, 356 F.3d at 1061. Plaintiff's ADA claims are premised on several theories of discrimination, including that Defendants failed to remove architectural barriers, failed to make goods and services available through alternative methods, and failed to modify existing policies and procedures. (*See* Compl. ¶¶ 233, 234, 242.) Even if Defendants are correct in asserting that they did not fail to design or construct an accessible facility, they have failed to show that Plaintiff can prove no set of facts in support of her various other theories of discrimination.

Defendants also argue that Plaintiff has failed to allege that she visited the property at issue after it was acquired by Defendants on January 26, 2007. (Mot. to Dismiss at 10.) However, because Defendants currently own the subject properties, the Court finds no requirement that Plaintiff's Complaint allege the dates on which she visited the properties. Plaintiff alleges that Defendants have failed to remove architectural barriers currently existing on the properties, and that she is deterred from visiting the properties because the barriers still exist. (Compl. ¶¶ 36, 122.) The date on which Plaintiff originally visited the properties is not essential to establishing Plaintiff's claims that Defendants' properties still fail to comply with the ADA and that she is currently deterred from returning to the properties. Defendants have not demonstrated that Plaintiff can prove no set of facts in support of her claim that Defendants have failed to remove architectural barriers currently existing on the properties.

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 14 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 14 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 13 of 14

1. In sum, the Court **FINDS** that Plaintiff's Complaint states legally cognizable claims, and those claims are supported by factual allegations. The Court thus **DENIES** Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted.

**IV. Defendants' Motion for a More Definite Statement**

Defendants argue that the Court should order Plaintiff to amend her Complaint to provide a more definite statement because they cannot discern from the Complaint the date of Plaintiff's alleged visits to the Shopping Center. (Mot. to Dismiss at 5.) Defendants also argue that because the Complaint asserts a variety of architectural barriers against a variety of defendants, Plaintiff has failed to adequately specify the barriers for which Defendants Valvista South, LLC and Valvista North, LLC are responsible. (*Id.* at 7.) In opposition, Plaintiff argues that the exhibits to her Complaint identify the alleged barriers currently existing on each property at issue. (Opp'n to Mot. to Dismiss at 5.) Plaintiff also argues that the information Defendants seek in their Motion for a More Definite Statement is readily obtainable through discovery. (*Id.* at 2.)

Motions for a more definite statement are generally viewed with disfavor and are rarely granted. *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). The test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame a responsive pleading. *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). Generally, the court will require a more definite statement only when the complaint is so vague that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading."). If the information sought by the moving party would be available through discovery, the motion should be denied. *Doe v. Hagee*, 473 F. Supp. 2d 989, 995 (N.D. Cal. 2007); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005); *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Case 3:08-cv-00563-DMS-POR   Document 9-4   Filed 07/03/2008   Page 15 of 15
Case 3:08-cv-00563-DMS-POR   Document 7-7   Filed 06/02/2008   Page 15 of 15
Case 3:07-cv-00486-J-LSP   Document 66   Filed 05/29/2007   Page 14 of 14

1  Defendants do not argue that the Complaint is unintelligible, but rather that it is indefinite
2  in that it does not specify the dates on which Plaintiff visited the Shopping Center or identify the
3  barriers for which Defendants are responsible. However, Plaintiff's allegations are not so vague
4  or ambiguous as to prevent Defendants from reasonably framing a responsive pleading.
5  Plaintiff's Complaint and the accompanying exhibits specifically set forth the alleged barriers
6  present on each property at issue. This information provides Defendants with a sufficient basis
7  to frame a responsive pleading stating, for example, that the alleged barriers are not Defendants'
8  responsibility or do not constitute a violation of the ADA. Discovery and not a motion for a
9  more definite statement is the appropriate vehicle for obtaining additional detail regarding the
10 Complaint, such as the dates on which Plaintiff visited the Shopping Center. *See Hagee*, 473 F.
11 Supp. 2d at 995. Accordingly, Defendants' Motion for a More Definite Statement is **DENIED**.

*Conclusion*

For the reasons set forth above, the Court **DENIES** Defendants' Motion for an Evidentiary Hearing on the Issue of Plaintiff's Article III Standing. The Court **GRANTS** Defendants' Motion to Dismiss the Supplemental State Law Claims. The Court **DISMISSES** without prejudice all of Plaintiff's state claims. The Court **DENIES** Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court **DENIES** Defendants' Motion for a More Definite Statement.

**IT IS SO ORDERED.**

DATED: May 29, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Papas
    All Counsel of Record