# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>CENTRAL PURCHASING, LLC, et al.,<br><br>　　　　　　　　　Defendant. | CASE NO. 08cv0563 DMS (POR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS** |

Pending before this Court is Defendant's motion to dismiss Plaintiff's claims arising under California state law. The matter was fully briefed and submitted without oral argument pursuant to Local Civil Rule 7.1(d)(1). Defendant argues Plaintiff's state law claims should be dismissed because there is a conflict between state and federal court interpretations of the Unruh Civil Rights Act, which is the basis of Plaintiff's state law claims. The Court agrees and grants Defendant's motion.

The Court may decline to exercise supplemental jurisdiction over state law claims when "the claim raise[s] a novel or complex issue of state law," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1996).

The complexity of applying the California Unruh Civil Rights Act in a federal district court in the Ninth Circuit provides a compelling reason to decline to exercise supplemental jurisdiction over

Plaintiff's state law claims. Significantly, there is a conflict between *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) and *Gunther v. Lin*, 144 Cal. App. 4th 223, 252 (4th Dist. 2006), regarding whether intent must be proved to sustain a claim under the Act. In *Lentini*, the Ninth Circuit Court of Appeals held that a plaintiff can recover statutory damages for an unintentional violation of the California Unruh Civil Rights Act. In contrast, California Court of Appeal in *Gunther* held that *Lentini* was wrongly decided, and that a finding of intentional discrimination is required for an award of statutory damages.

Plaintiff claims this tension is irrelevant because she has pled intent in her complaint, and thus has complied with the higher standard. However, the question remains whether Plaintiff will be required to *prove* intent. Given the tension between *Lentini* and *Gunther*, it is clear that Plaintiff's claim under the Unruh Act involves a complex question of state law on the question of intent. Accordingly, Plaintiff's claims under the California Unruh Civil Rights Act are dismissed without prejudice. *See also Cross v. Pacific Coast Plaza Invest.*, No. 06cv2543 (S.D. Cal. March 6, 2007). In addition, because Plaintiff's state law claims all arise out of the same transaction, the most efficient course is to dismiss all of Plaintiff's state law claims to "allow the state court to adjudicate Plaintiff's state claims in their entirety." *See id.*

For the compelling reasons set forth above, Plaintiff's state law claims are dismissed without prejudice to allow their complete adjudication in a California state court.

**IT IS SO ORDERED.**

DATED: July 18, 2008

_____
HON. DANA M. SABRAW
United States District Judge